# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| SIERRA CONCRETE DESIGN, INC. | ) Case No. 08-12029 (CSS) |
| TREVI ARCHITECTURAL, INC., | ) Case No. 08-12031 (CSS) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |
| | ) **Re: Docket No. 244** |

## ORDER GRANTING MOTION OF CHAPTER 7 TRUSTEE TO APPROVE SETTLEMENT AGREEMENT WITH SAMBA VEGAS, LLC AND PWI CONSTRUCTION, INC.

Upon Motion of Jeffrey L. Burtch (the "Trustee"), Chapter 7 Trustee of the above-captioned debtors (the "Debtors"), to approve the Settlement Agreement with Samba Vegas, LLC and PWI Construction, Inc. (the "Samba Settlement Agreement"), the Court having found that it has jurisdiction to consider the Motion, it is found and ordered that:[1]

1. Proper notice of the Motion has been provided by the Trustee.

2. The Samba Settlement Agreement, attached hereto as <u>Exhibit A</u>, is APPROVED.

3. The Court finds that the Settlement Payment ($40,000.00) was negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the Estate is fair and reasonable, and falls above the lowest point in the range of reasonableness. The Trustee has exercised proper business judgment in accepting the Settlement Payment.

4. Each and all of the terms of the Samba Settlement Agreement are approved. The parties to the Samba Settlement Agreement are authorized and directed to implement each and all of the terms of the Samba Settlement Agreement.

---

[1] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

1

5.  Upon receipt of the Settlement Payment, $7,500.00 of the Settlement Payment shall be held by the Trustee on account of his legal fees and expenses incurred in connection with the liquidation of collateral of Textron Financial Corp. ("Textron"), however, nothing herein shall prejudice the rights of Textron or the Trustee, or other parties in interest with respect to the amount or reasonableness of the Trustee's legal fees and expenses. This $7,500.00 amount shall be held by the Trustee in trust and until further order of this Court.

6.  The Trustee is authorized to remit payment of the remaining $32,500.00 of the Settlement Payment after receipt to Textron to reduce the principal amount of Textron's secured claim. The Trustee is further directed to remit any such payments to Textron within 10 business days after the Trustee receives the Settlement Payment.

7.  This Order is effective immediately, and shall not be affected and/or stayed by any of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

Dated: __4/5__, 2010

THE HONORABLE CHRISTOPHER S. SONTCHI
United States Bankruptcy Court Judge