# Exhibit A

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (the "Agreement") is made and entered into by and among Samba Vegas, LLC ("Samba Vegas"); PWI Construction, Inc. ("PWI"); and Jeoffrey L. Burtch, Chapter 7 trustee for Trevi Architectural, Inc. ("Trevi") (collectively, the "Parties") this 23rd day of December, 2009.

### I. RECITALS

1.01 **The Trevi Lawsuit.** On or about November 26, 2008, Trevi filed suit against Samba Vegas and PWI in the Eighth Judicial District Court, Clark County, Nevada, Case No. A576637, captioned Jeoffrey L. Burtch, Chapter 7 trustee for Trevi Architectural, Inc. vs. Samba Vegas, LLC et al. (the "Trevi Lawsuit"). This Agreement arises out of and pertains exclusively to the Trevi Lawsuit.

1.02 **Settlement.** Notwithstanding the Parties' vigorous denials of any liability or wrongdoing, the Parties are desirous of resolving, terminating, and fully and completely settling all claims that have been or could have been asserted in the Trevi Lawsuit, without the expense and delay of further litigation.

1.03 **Intended Effect.** This Agreement, among other things, provides for the mutual settlement and release of all claims, causes of actions and damages pertaining to the Trevi Lawsuit, and, except as otherwise provided herein, any and all other claims, causes of action and damages that were or could have been raised in the Trevi Lawsuit.

### II. AGREEMENT

NOW, THEREFORE, in consideration of the mutual promises and agreements herein and other good and valuable consideration, the receipt and sufficiency of which the Parties acknowledge, the Parties agree as follows:

2.01 **Mutual Release of Claims by the Parties.** Samba Vegas, PWI, and Trevi fully release and forever discharge one another and their respective employees, affiliated entities, agents, representatives, successors, attorneys, insurers, and assigns, if any, of and from:

2.01.1 any and all claims, known or unknown, asserted or un-asserted, of whatever nature, now existing or hereafter arising, relating in any way to the Trevi Lawsuit, its subject matter, or any matters that were or that could have been asserted therein; and

2.01.2 any and all damages alleged to be sustained or actually sustained by reason of any of the conduct alleged in the Trevi Lawsuit or the continued effects thereof.

2.02 <u>Matters Not Released.</u>

2.02.1 The foregoing mutual releases of claims shall not include any liability or obligation created by this Agreement or any claims arising out of or relating to any transactions between or among the Parties that are unrelated to the Trevi Lawsuit and that occur or arise after the effective date of this Agreement, whether currently known or unknown.

2.03 <u>Settlement Consideration and Agreement Contingent Upon the Approval of Bankruptcy Court</u>. The mutual releases stated above in paragraphs 2.01 and it subparts are made and given for and in consideration of PWI and Samba Vegas paying Trevi, a total settlement payment of Forty Thousand Dollars and Zero Cents ($40,000.00) (the "Settlement Payment") in the manner provided in Section 2.04.

The Agreement shall not be effective for any purpose unless and until the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") approves this Agreement by an order (the "Approval Order"). After complete execution of this Agreement by all Parties, the Trustee shall undertake to file an appropriate motion in Case No. 08-12029 (CSS), captioned In re: Sierra Concrete Design, Inc.; Trevi Architectural, Inc (jointly administered) to obtain the Approval Order.

2.04 <u>The Settlement Payment</u> will be made as follows:

2.04.1 Within seven business days of the mutual execution of this Agreement, PWI will pay Trevi $10,000 and Samba Vegas will pay Trevi $5,000.

2.04.2 After the initial payment contemplated in Section 2.03.1, Samba Vegas will make 11 monthly payments commencing January, 2010, specifically 10 payments of $2,272.73 and final payment $2,272.70.

2.04.3 Until such time as the Bankruptcy Court approves this Agreement, no payment is due. If any of the payments contemplated in 2.04.1 or 2.04.2 becomes due before the Bankruptcy Court approves this Agreement, Samba Vegas will deposit said monthly payment(s) in the trust account of Kane Kessler, P.C., 1350 Avenue of the Americas, New York, New York 10019, and in the case of PWI in the trust account of Glenn Meier, Esq., to be released to Trevi at Samba Vegas's and PWI's direction following Trevi's providing a true and correct copy of the Approval Order to counsel for Samba Vegas and PWI.

2.04.4 In the event that Trevi contends a default in payment plan has occurred, Trevi's counsel shall provide PWI's and/or Samba Vegas's counsel (as the case may be) with written notice of the default. The defaulting party shall have seven business days to cure the default. In the event of an uncured breach, Trevi's bankruptcy trustee may elect to enforce this Agreement or may set aside this Agreement and seek the entire amount that Trevi claimed in the Trevi Lawsuit.

In the event of a breach which is not timely cured, Trevi's bankruptcy trustee may elect to enforce this Agreement in which case interest shall accrue at the legal rate.

Alternatively, in the event of a breach which is not timely cured, Trevi's bankruptcy trustee may, in his sole discretion, (i) consider this Settlement Agreement null and void by providing prompt written notice to each Defendant, (ii) retain any portion of the Settlement Amount already collected and (iii) continue to pursue the difference between the total amount Claimed in the Trevi Lawsuit and the amount already collected from the Defendants.

In the event of a motion or any suit or action based on breach of this Settlement Agreement, including, but not limited to, failure to pay the Settlement Amount within ten business days after the Settlement Date, the Plaintiff shall be entitled to recover reasonable costs, including, but not limited to, attorney fees, in addition to such other remedies as may be allowed by law.

2.05 Release of Mechanics' Lien. Within seven business days of the Bankruptcy Court's approving this Agreement, Trevi will release any and all mechanics' liens it has recorded against the real property (including any leasehold or other interest therein) at issue in the Trevi Lawsuit. Trevi shall provide a release in the form prescribed in NRS 108.2437 to Samba Vegas's and PWI's counsel but Samba Vegas and PWI shall be responsible to record the lien release. In the event that Trevi fails to provide the mechanic's lien release, Samba Vegas shall not be obligated to make any payments under this Agreement unless and until Trevi provides the lien release.

2.06 Dismissal. The Parties shall cooperate to stay the Trevi Lawsuit until such time as the payments contemplated in Section 2.03 are completed. As soon as practicable after remittance of the final Settlement Payment, the Parties agree to dismiss the Trevi Lawsuit with prejudice by signing and filing a stipulation and order for dismissal with prejudice, reciting that each Party will bear its own attorney's fees and costs.

2.07 **Statutory Release.** As soon as practicable after remittance of the Settlement Payment, Trevi shall provide to Samba Vegas and PWI an unconditional waiver and release upon final payment in the form prescribed by NRS 108.2467 with the "amount of disputed claims" section listed as "$0."

2.08 **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs incurred to date.

2.09 **Acknowledgments.** The Parties mutually understand and expressly agree and warrant:

2.09.1 that this Agreement is executed without reliance upon any statement or representation by any Party or its representatives concerning the nature or extent of the claimed damages or legal liability therefore.

2.09.2 that this Agreement and the provisions set forth herein have been carefully read in their entirety by each of the Parties, who has had the benefit and advice of counsel of its choosing, and that this Agreement and the releases set forth herein are known by the Parties to be in full and final and complete compromise, settlement, release, accord and satisfaction, and discharge of all claims and actions as above stated; and

2.09.3 that no Party has assigned to any other person or party all or any portion of any claim whatsoever that they may now or in the future have against any party arising out of the facts involved in the Trevi Lawsuit; and

2.09.4 that each Party has participated in the preparation of this Agreement and that in construing or interpreting this Agreement, no provision of the Agreement shall be construed or interpreted against the drafting party, or any other party to the Agreement.

2.10 **Integration.** This Agreement represents the full and complete integration of the agreement between the Parties and is the complete expression thereof. All other agreements, negotiations, and representations between the Parties pertaining to the subject matter of this Agreement, and to the extent not expressly set forth herein, are void and of no force or effect whatsoever. This Agreement may not be amended or modified except in writing and signed by each of the Parties.

2.11 **Governing Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Nevada.

2.12 **Counterparts.** This Agreement may be executed in any number of counterparts confirmed by facsimile or electronic copies of signatures, each of which shall be deemed a duplicate original.

2.13 <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and its respective heirs, personal representatives, successors, or assigns, as the case may be.

IN WITNESS WHEREOF THE PARTIES SET THEIR HANDS AS FOLLOWS:

**SAMBA VEGAS, LLC**

**BY GAUCHO, LLC AS MANAGER FOR SAMBA VEGAS, LLC**

By: Danielle Billera, Managing Member

By: Matthew Johnson, Managing Member

**TREVI ARCHITECTURAL, INC.**                **PWI CONSTRUCTION, INC.**

By: Jeoffrey L. Burtch, Chapter 7 trustee for Trevi Architectural, Inc.    By: Marc D. Ferguson, Executive Vice President

2.13 <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and its respective heirs, personal representatives, successors, or assigns, as the case may be.

IN WITNESS WHEREOF THE PARTIES SET THEIR HANDS AS FOLLOWS:

**SAMBA VEGAS, LLC**

BY GAUCHO, LLC AS MANAGER FOR SAMBA VEGAS, LLC

By: Danielle Billera, Managing Member

By: Matthew Johnson, Managing Member

**TREVI ARCHITECTURAL, INC.**                         **PWI CONSTRUCTION, INC.**

By: Jeoffrey L. Burtch, Chapter 7 trustee for Trevi Architectural, Inc.          By: Marc D. Ferguson, Executive Vice President

2.13 <u>Successors and Assigns</u>. This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and its respective heirs, personal representatives, successors, or assigns, as the case may be.

IN WITNESS WHEREOF THE PARTIES SET THEIR HANDS AS FOLLOWS:

**SAMBA VEGAS, LLC**

**BY GAUCHO, LLC AS MANAGER FOR SAMBA VEGAS, LLC**

By: Danielle Billera, Managing Member

By: Matthew Johnson, Managing Member

**TREVI ARCHITECTURAL, INC.**

3-19-2010

By: Jeoffrey L. Burtch, Chapter 7 trustee for Trevi Architectural, Inc. *through his authorized legal representative, Adam Singer, Esquire*

**PWI CONSTRUCTION, INC.**

By: Marc D. Ferguson, Executive Vice President

Page 5 of 5