IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIERRA CONCRETE DESIGN, INC. | ) | Chapter 7 |
| TREVI ARCHITECTURAL, INC., | ) | |
| | ) | Case No. 08-12029 (CSS) |
|    Debtors. | ) | |
| _____ | ) | Jointly Administered |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | **Re: Docket No. _____** |
| | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Adv. Pro. No. 09-52276 (CSS) |
| | ) | |
| NEVIA, INC. d/b/a COMMERCIAL | ) | |
| CABINET CO., | ) | |
| | ) | |
|    Defendant. | ) | **Re: Docket No. _____** |

**ORDER APPROVING**
**SETTLEMENT AGREEMENT WITH NEVIA, INC.**

Upon Motion (the "Motion") of Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") of the above-captioned debtors (the "Debtors"), to Approve Settlement Agreement with Nevia, Inc. (the "Nevia Settlement Agreement")[1], the Court having found that it has jurisdiction to consider the Motion, it is found and ordered that:

1. Proper notice of the Motion has been provided by the Trustee.

2. The Nevia Settlement Agreement, attached hereto as <u>Exhibit A</u>, is APPROVED.

3. The Court finds that the Nevia Recovery ($100,000.00) was negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the Trevi chapter 7 estate is fair and reasonable, and falls above the lowest point in the range of

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

reasonableness. The Trustee has exercised proper business judgment in accepting the Nevia Recovery.

4. Each and all of the terms of the Nevia Settlement Agreement are approved. The parties to the Nevia Settlement Agreement are authorized and directed to implement each and all of the terms of the Nevia Settlement Agreement.

5. Upon receipt of the Nevia Recovery, $13,500.00 of the Initial Settlement Payment shall be held by the Trustee on account of his legal fees and expenses incurred in connection with the liquidation of collateral of Textron Financial Corp. ("Textron"), however, nothing herein shall prejudice the rights of Textron or the Trustee, or other parties in interest with respect to the amount or reasonableness of the Trustee's legal fees and expenses. This $13,500.00 amount shall be held by the Trustee in trust and until further order of this Court.

6. The Trustee is authorized to remit payment of the remaining $86,500.00 of the Nevia Recovery after receipt to Textron to reduce the principal amount of Textron's secured claim. The Trustee is further directed to remit any such payments to Textron within 10 business days after the Trustee receives the Settlement Payment.

7. This Order is effective immediately, and shall not be affected and/or stayed by any of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

Dated: _____, 2010

_____
THE HONORABLE CHRISTOPHER S. SONTCHI
United States Bankruptcy Court Judge

# Exhibit A

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| SIERRA CONCRETE DESIGN, INC. ) | Chapter 7 |
| TREVI ARCHITECTURAL, INC., ) | |
| ) | Case No. 08-12029 (CSS) |
| Debtors. ) | |
| ) | Jointly Administered |
| _____ ) | |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adv. Pro. No. 09-52276 (CSS) |
| ) | |
| NEVIA, INC. d/b/a COMMERCIAL ) | |
| CABINET CO., ) | |
| ) | |
| Defendant. ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement") is entered into as of March 5, 2010, by and between Jeoffrey L. Burtch, Chapter 7 trustee (the "Trustee") for the bankruptcy estate (the "Estate") of Trevi Architectural, Inc. (the "Debtor"), and Nevia, Inc. d/b/a Commercial Cabinet Co. ("Defendant;" and together with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on August 29, 2008 (the "Petition Date"), the Debtor commenced its bankruptcy case (the "Bankruptcy Case") by filing a voluntary petition for relief under chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"); and

WHEREAS, on the Petition Date, the Trustee was appointed chapter 7 interim trustee and continues to serve as the Trustee for this Bankruptcy Case pursuant to 11 U.S.C. § 702(d); and

WHEREAS, the Trustee has analyzed all readily available information of the Debtor and those records indicate that Defendant allegedly owes the Debtor $242,050.13 (the "Account Receivable Claim") as identified on Exhibit A of the complaint in the above-captioned adversary proceeding (the "Adversary Proceeding"). Specifically, the Debtor is allegedly owed $242,050.13; and

WHEREAS, in order to avoid the further costs, risks and delay of litigation, the Parties have determined to resolve their disputes relating to the foregoing matters on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, the Parties agree as follows:

1. The recitals set forth above are incorporated herein by reference.

2. The Trustee agrees to accept, and Nevia, Inc. agrees to pay to the Trustee, the sum of $100,000.00 (the "Settlement Amount") in six installments (the "Settlement Installment(s)") as follows:

   (a) Nevia, Inc. shall pay to the Trustee the initial Settlement Installment (the "Initial Settlement Installment" in the amount of $25,000.00 on or before April 1, 2010;

   (b) Nevia, Inc. shall pay the Trustee five subsequent Settlement Installments on or before the first of each month, beginning May 1, 2010 and continuing through September 1, 2010, each in the amount of $15,000.00.

3. The Settlement Installments due pursuant to this Settlement Agreement shall be made in either by check, payable to the order of "Jeoffrey L. Burtch, Chapter 7 Trustee for Trevi Architectural, Inc."; or by wire transfer (by information to be provided by the Trustee to Nevia), and if by check shall be delivered to the Trustee in care of his counsel at the following address:

   R. Grant Dick IV, Esq.
   COOCH AND TAYLOR
   P.O. Box 1680
   The Brandywine Building
   1000 West Street, 10th Floor
   Wilmington, DE 19899-1680

4. If a business check is issued, this Settlement Agreement is conditioned on the business check being honored by the bank for Defendant. After receipt of the Initial Settlement Installment and an executed Settlement Agreement, the Trustee shall execute the Settlement Agreement and return a fully executed Settlement Agreement to counsel for the Defendant.

5. If any Settlement Installment is not received by counsel for the Trustee within five (5) business days of the date by which it is required to be sent pursuant to this Settlement Agreement, the Trustee will give written notice of such non-receipt to counsel of Nevia, Inc. at the following address:

   Patrick Chapin, Esq.
   PATRICK N. CHAPIN, LTD.
   129 Cassia Way
   Henderson, NV 89014

Upon written notice from the Trustee, Nevia, Inc. will have five (5) business days to cure (the "Cure Period") its failure to timely remit payment of the Settlement Installment. If counsel for the Trustee does not receive payment within the Cure Period, Nevia, Inc. shall be in default of this Settlement Agreement and Nevia, Inc. shall be liable for the full value of the Account

2

Receivable Claim, less any Settlement Installments actually received by the Trustee from Nevia, Inc.

6. The Trustee and Nevia, Inc. agree that all payments made in connection with this Settlement Agreement, including each Settlement Installment payment, is intended by the Trustee and Nevia, Inc. to be a contemporaneous exchange for new value under 11 U.S.C. § 547(c)(1), and each Settlement Installment payment shall be a substantially contemporaneous exchange.

7. In the event that Nevia, Inc., or any successor in interest of Nevia, Inc., including without limitation, any subsequently appointed Chapter 11 or Chapter 7 trustee, seeks to avoid any Settlement Installments received by the Trustee as contemplated herein pursuant to 11 U.S.C. §§ 101 et seq. or any other applicable nonbankruptcy law, including without limitation, the Uniform Fraudulent Transfer Act, the Trustee shall be entitled to all reasonable legal fees and expenses incurred by the Trustee in connection with defending any such action.

8. Upon full and final payment of the Settlement Amount to the Trustee, the Trustee on the one hand, and Defendant on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Account Receivable Claim, except that the obligations arising out of this Settlement Agreement are not released.

9. Each Party represents and warrants that it owns and has not assigned or otherwise transferred to any other person or entity any of such Party's rights or claims that are being altered or otherwise affected by this Settlement Agreement. In the event that a party breaches the warranty of this paragraph 9, the release it received in paragraph 8 shall be null and void.

11. The Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that neither admits, and each expressly denies, any liability on its part.

12. The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

13. The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible), and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

14. The Parties agree that each Party and its counsel have reviewed this Settlement Agreement, and that each Party fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement. The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

15. The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

16. This Settlement Agreement sets forth the entire agreement between the Parties and fully supercedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

17. No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

18. This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

19. This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware. Each of the Parties hereby irrevocably consents to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

20. This Settlement Agreement may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

21. Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective client(s) to the terms and conditions of this Settlement Agreement.

22. This Settlement Agreement shall be effective upon execution by Defendant and the Trustee, and subject only to approval by the Bankruptcy Court. After the Parties to this agreement have executed this document and the Trustee has received the Initial Settlement Installment, the Trustee will proceed to file any necessary papers in the United States Bankruptcy Court for the District of Delaware to obtain court approval of this Settlement Agreement. Upon receipt of the final Installment and full Settlement Amount, the Trustee will proceed to file any necessary papers in the Court to dismiss complaint in the Adversary Proceeding with prejudice.

*(The rest of the page intentionally left blank)*

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

_____
Authorized Representative
Nevia, Inc., d/b/a Commercial Cabinet Co.
3015 E. Post Road
Las Vegas, Nevada 89120

Print name: Curtis B Moon

Title: PRESIDENT

Dated: 3-29-10

_____
Jeoffrey L. Burtch, Chapter 7 Trustee for
Trevi Architectural, Inc.
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801

Dated: 7/7/10

5