IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SIERRA CONCRETE DESIGN, INC. | ) | Chapter 7 |
| TREVI ARCHITECTURAL, INC., | ) | |
| | ) | Case No. 08-12029 (CSS) |
| Debtors. | ) | |
| | ) | Jointly Administered |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7 TRUSTEE, | ) | |
| | ) | RE: DOCKET NO. 342 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Able Industrial Products, Inc., | ) | Adv. Pro. No. 10-52647 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| American Express Travel Related | ) | Adv. Pro. No. 10-52652 (CSS) |
| Services Company, Inc., | ) | RE: DOCKET NO. 9 |
| | ) | |
| Broadbent & Associates, Inc., | ) | Adv. Pro. No. 10-52224 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| Labor Ready Southwest, Inc., | ) | Adv. Pro. No. 10-52142 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| Manpower Inc., | ) | Adv. Pro. No. 10-52236 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| Nellis Building Materials, Inc., | ) | Adv. Pro. No. 10-52662 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| Neway Packaging Corp., | ) | Adv. Pro. No. 10-52244 (CSS) |
| | ) | RE: DOCKET NO. 6 |
| | ) | |
| Trans FX, Inc. | ) | Adv. Pro. No. 10-52669 (CSS) |
| | ) | RE: DOCKET NO. 10 |
| | ) | |
| Walco Supply Company, Inc., d/b/a | ) | Adv. Pro. No. 10-52645 (CSS) |
| Walco Materials Group, | ) | RE: DOCKET NO. 4 |
| | ) | |
| Defendants. | ) | |

# ORDER GRANTING TRUSTEE'S
# FIRST OMNIBUS 9019 MOTION FOR AN ORDER
# APPROVING SETTLEMENTS OF DISPUTED PREFERENTIAL CLAIMS

1. Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the above captioned cases, has filed the Trustee's First Omnibus 9019 Motion for an Order Approving Settlements of Disputed Preferential Claims (the "Motion").

2. The Court has jurisdiction to consider the Motion[1] pursuant to 28 U.S.C. § 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2). Proper notice of the Motion has been provided by the Trustee.

3. The Court finds that the preference settlements were negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the Estates is fair and reasonable, and falls above the lowest point in the range of reasonableness.

4. The Motion is GRANTED. Any objection not made to the Motion is waived. Any objection made to the Motion is overruled with prejudice.

5. The Able Industrial Products, Inc. Settlement Agreement is approved. The Able Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

6. The Amex/Sierra Settlement Agreement is approved. The Amex/Sierra Settlement Amount is property of the Sierra Estate, and may be transferred to a general Sierra Estate account.

7. The Amex/Trevi Settlement Agreement is approved. Amex/Trevi Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

8. The Broadbent & Associates, Inc. Settlement Agreement is approved. The Broadbent Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

9. The Labor Ready Southwest, Inc. Settlement Agreement is approved. The Labor Ready Settlement Amount is property of the Sierra Estate, and may be transferred to a general Sierra Estate account.

10. The Manpower Inc. Settlement Agreement is approved. The Manpower Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

11. The Nellis Building Materials, Inc. Settlement Agreement is approved. The Nellis Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

12. The Neway Packaging Corp. Settlement Agreement is approved. The Neway Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

13. The Trans FX, Inc. Settlement Agreement is approved. The Trans FX Settlement Amount is property of the Trevi Estate, and may be transferred to a general Trevi Estate account.

14. The Walco Supply Company, Inc., d/b/a Walco Materials Group Settlement Agreement is approved. The Walco Settlement Amount is property of the Estates, and may be transferred to a general Sierra Estate account.

15. Each Settlement Amount approved in paragraphs five through fourteen of this Order shall be held by the Trustee free and clear of any liens and/or encumbrances.

16. The Trustee is authorized to execute any necessary documents to implement this order.

17. This order is effective immediately and notwithstanding the fourteen day stay imposed by Bankruptcy Rule 6004(h).

Dated: 2/18, 2011

THE HONORABLE CHRISTOPHER S. SONTCHI
United States Bankruptcy Court Judge