IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| SIERRA CONCRETE DESIGN, INC. ) | Chapter 7 |
| TREVI ARCHITECTURAL, INC., ) | |
| ) | Case No. 08-12029 (CSS) |
| Debtors. ) | |
| ) | Jointly Administered |
| JEOFFREY L. BURTCH, ) | |
| CHAPTER 7 TRUSTEE, ) | RE: DOCKET NO: 376 |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| BJB Enterprises, Inc., ) | Adv. Pro. No. 10-52103 (CSS) |
| ) | RE: DOCKET NO: 16 |
| ) | |
| Central Transport, Inc., ) | Adv. Pro. No. 10-52225 (CSS) |
| ) | RE: DOCKET NO: 16 |
| ) | |
| Georgia-Pacific Gypsum LLC, ) | Adv. Pro. No. 10-52229 (CSS) |
| ) | RE: DOCKET NO: 15 |
| ) | |
| Nevada Power Company, ) | Adv. Pro. No. 10-52243 (CSS) |
| ) | RE: DOCKET NO: 16 |
| ) | |
| Allen & Associates, Inc. d/b/a ) | Adv. Pro. No. 10-52649 (CSS) |
| Allen Temporary Staffing, ) | RE: DOCKET NO: 16 |
| ) | |
| Griffin & Associates, Inc., ) | Adv. Pro. No. 10-52230 (CSS) |
| ) | RE: DOCKET NO: 15 |
| ) | |
| Newport Laminates, Inc., ) | Adv. Pro. No. 10-52665 (CSS) |
| ) | RE: DOCKET NO: 22 |
| ) | |
| Nippon Electric Glass America, Inc., ) | Adv. Pro. No. 10-52666 (CSS) |
| ) | RE: DOCKET NO: 15 |
| Defendants. ) | |

**ORDER GRANTING TRUSTEE'S
SECOND OMNIBUS 9019 MOTION FOR AN ORDER
APPROVING SETTLEMENTS OF DISPUTED PREFERENTIAL CLAIMS**

1. Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the above captioned cases, has filed the Trustee's Second Omnibus 9019 Motion for an Order Approving Settlements of Disputed Preferential Claims (the "Motion").

2. The Court has jurisdiction to consider the Motion[1] pursuant to 28 U.S.C. § 1334; this is a core proceeding under 28 U.S.C. § 157(b)(2). Proper notice of the Motion has been provided by the Trustee.

3. The Court finds that each of the preference settlements were negotiated at arm's length and entered into in good faith by the parties. The consideration to be received by the respective estate is fair and reasonable, and falls above the lowest point in the range of reasonableness.

4. The Motion is GRANTED. Any objection not made to the Motion is waived. Any objection made to the Motion is overruled with prejudice.

5. The BJB Enterprises, Inc. Settlement Agreement, attached hereto as Exhibit 1, is approved. The BJB Settlement Amount is property of the Sierra estate, and may be transferred to a general Sierra estate account.

6. The Central Transport Settlement Agreement, attached hereto as Exhibit 2, is approved. The Central Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

7. The Georgia-Pacific Gypsum LLC Settlement Agreement, attached hereto as Exhibit 3, is approved. The G-P Gypsum Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

---

[1] Unless otherwise defined, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

8. The Nevada Power Company Settlement Agreement, attached hereto as <u>Exhibit 4</u>, is approved. The Nevada Power Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

9. The Allen & Associates, Inc. Settlement Agreement, attached hereto as <u>Exhibit 5</u>, is approved. The Allen Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

10. The Griffin & Associates, Inc. Settlement Agreement, attached hereto as <u>Exhibit 6</u>, is approved. The Griffin Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

11. The Newport Laminates, Inc. Settlement Agreement, attached hereto as <u>Exhibit 7</u>, is approved. The Newport Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

12. The Nippon Electric Glass America, Inc. Settlement Agreement, attached hereto as <u>Exhibit 8</u>, is approved. The Nippon Settlement Amount is property of the Trevi estate, and may be transferred to a general Trevi estate account.

13. Each Settlement Amount approved in paragraphs five through twelve of this Order shall be held by the Trustee in a general estate account free and clear of any liens and/or encumbrances.

14. The Trustee is authorized to execute any necessary documents to implement this order.

15. This order is effective immediately and notwithstanding the fourteen day stay imposed by Bankruptcy Rule 6004(h).

Dated: November 7, 2011

THE HONORABLE CHRISTOPHER S. SONTCHI
United States Bankruptcy Court Judge