IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SIERRA CONCRETE DESIGN, INC., | ) | Case No. 08-12029 (CSS) |
| TREVI ARCHITECTURAL, INC., | ) | Case No. 08-12031 (CSS) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

Re: Docket No. 386 and 387

**ORDER APPROVING SETTLEMENT AGREEMENT
WITH TIFFINY DECORATING COMPANY**

Upon the Motion (the "Motion") of Jeoffrey L. Burtch, Chapter 7 Trustee (the "Trustee") of Trevi Architectural, Inc. ("Trevi") to Approve Settlement Agreement with Tiffiny Decorating Company (the "Tiffiny Settlement Agreement") in connection with a certain action captioned Burtch v. Tiffiny Decorating Company (Case No, A-576216) pending in the District Court for Clark County Nevada (the "Tiffiny Civil Action"); Textron Financial Corporation ("Textron") having filed an objection to the Motion (the "Objection"), the Trustee and Textron having resolved the Objection, it is hereby found and ordered that:

1. The Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§157 and 1334; this is a core proceeding under 28 U.S.C. §157(b)(2).

2. Proper notice of the Motion has been provided by the Trustee.

3. The Tiffiny Settlement Agreement, attached hereto as Attachment A, is APPROVED.

4. The Court finds that the Tiffiny Settlement Amount ($150,000) was negotiated at

1

4156155/2

arm's length and entered into in good faith by the parties after mediation. The consideration to be received by the Trevi Estate is fair and reasonable, and falls above the lowest point in the range of reasonableness. The Trustee has exercised proper business judgment in accepting Tiffiny Settlement Amount.

5. Each and all of the terms of the Tiffiny Settlement Agreement are approved. The parties to the Tiffiny Settlement Agreement are authorized and directed to implement each and all the terms of the Tiffiny Settlement Agreement.

6. Pursuant to and consistent with the terms of the Tiffiny Settlement, Tiffiny shall remit payment in the amount of $57,000 to the Trustee so that it is received on or prior to December 27, 2011; such payment shall be held in trust by the Trustee for the payment of legal fees and expenses to the Law Offices of Richard McKnight, P.C. and Cooch and Taylor P.A. incurred in connection with the Tiffiny Civil Action. The right to payment of such fees and expenses shall be expressly subject to approval of the Bankruptcy Court, after notice and hearing, for which Textron's right to object is expressly reserved and preserved. In the event that the allowed fees and expenses of the Law Offices of Richard McKnight, P.C. and Cooch and Taylor P.A. incurred in connection with the Tiffiny Civil Action aggregate less than $57,000, such surplus monies shall be paid to Textron.

7. Pursuant to and consistent with the terms of the Tiffiny Settlement, Tiffiny shall remit payment via wire transfer in the amount of $93,000 to Textron so that it is received on or prior to December 27, 2011.

8. The principal amount of Textron's secured claim against the Debtors' estates shall be reduced by $143,000, which is equal to the amount received by Textron, plus $50,000. Textron's rights against the Debtors' estates are otherwise unaffected by the settlement and receipt

2

4156155/2

of payment from Tiffiny. The principal amount of Textron's secured claim against the Debtors' estates shall be further reduced by any surplus monies actually paid pursuant to paragraph six above.

9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

10. This Order is effective immediately, and shall not be affected and/or stayed by any of the provisions of Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, or any other applicable rule.

Dated: December 9, 2011

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY COURT JUDGE