# EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 7 |
| SIERRA CONCRETE DESIGN, INC. | ) | |
| TREVI ARCHITECTURAL, INC., | ) | |
| | ) | Case No. 08-12029 (CSS) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |
| JEOFFREY L. BURTCH, | ) | |
| CHAPTER 7  TRUSTEE, | ) | |
| | ) | Adv. Pro. No. 10-52220 (CSS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SNELLING STAFFING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Settlement Agreement"), effective immediately, is by and between Jeoffrey L. Burtch, the chapter 7 trustee (the "Trustee") for the chapter 7 estate (the "Estate") of Sierra Concrete Design, Inc. ("Sierra" or the "Debtor"), and Snelling Staffing, LLC ("Defendant", together with the Trustee, the "Parties") with reference to the following facts and recitals:

WHEREAS, on August 29, 2008 (the "Petition Date"), the Debtor commenced its liquidation case by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware ("Court");

WHEREAS Jeoffrey L. Burtch was appointed as chapter 7 interim trustee for Sierra and serves as the Trustee of the Sierra estate pursuant to Section 702(d) of the Bankruptcy Code; and

WHEREAS, the Trustee has analyzed all readily available information of the Debtor and those records indicate that in the 90 days preceding the Petition Date, Defendant allegedly received preferential transfers totaling $157,096.89 (the "Preferential Claim") as identified on Exhibit A of the Complaint (the "Alleged Transfer(s)") in the above-captioned adversary proceeding (the "Adversary Proceeding"). Specifically, the Chapter 7 estate of Sierra is allegedly owed $157,096.89; and

WHEREAS, the Defendant has denied liability for and asserted various defenses to the Preferential Claims; and

WHEREAS, in order to avoid the costs, risks and delay of litigation, the Parties have determined to resolve their disputes relating to the foregoing matters on the terms and subject to the conditions set forth in this Settlement Agreement; and

NOW, THEREFORE, the Parties agree as follows:

1.      The recitals set forth above are incorporated herein by reference.

2.      Defendant agrees to pay to the Trustee, and the Trustee agrees to accept the sum of $105,000.00 (the "Settlement Amount") on behalf of the Chapter 7 estate of Sierra in full and complete satisfaction of the Trustee's claims to avoid and recover the Alleged Transfer(s) on any and all grounds arising under Section 547 of the Bankruptcy Code, per the terms set forth more fully below:

      a.  Defendant shall pay the Settlement Amount in six monthly installments (the "Settlement Installments") pursuant to the following terms:

          i.  The first Settlement Installment shall be in the amount of $10,000.00 (the "Initial Settlement Installment") and shall be due within two (2) business days of Defendant's receipt of a fully executed version of the Settlement Agreement.

          ii.  The second Settlement Installment shall be in the amount of $10,000.00 and shall be due on or before December 15, 2011.

          iii.  The third Settlement Installment shall be in the amount of $25,000.00 and shall be due on or before January 15, 2012.

          iv.  The fourth Settlement Installment shall be in the amount of $25,000.00 and shall be due on or before February 15, 2012.

          v.  The fifth Settlement Installment shall be in the amount of $25,000.00 and shall be due on or before March 15, 2012.

          vi.  The sixth and final Settlement Installment shall be in the amount of $10,000.00 and shall be due on or before April 15, 2012.

3.      The Settlement Installments due pursuant to this Settlement Agreement shall be made by business check or in immediately available "good funds", including but not limited to cashier's checks, certified checks or Treasurer's checks, and should be made payable to the order of "Jeoffrey L. Burtch, Chapter 7 Trustee for Sierra Concrete Design, Inc." This Settlement Agreement is conditioned on each check being honored by the bank for Defendant.

4.      The Initial Settlement Installment and the executed Settlement Agreement, as well as each subsequent Settlement Installment, shall be delivered to the Trustee in care of his counsel at the following address:

R. Grant Dick IV

COOCH AND TAYLOR P.A.
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801

5.      If any Settlement Installment is not received by counsel for the Trustee within five (5) business days of the date that the Settlement Installment is due pursuant to this Settlement Agreement, the Trustee will give written notice of such non-receipt to counsel of Defendant, and Defendant will have five (5) business days to cure (the "Cure Period"). If counsel for the Trustee does not receive payment within the Cure Period, Defendant shall be in default of this Settlement Agreement and the Trustee's obligation to forbear from prosecuting the Adversary Proceeding toward judgment shall terminate and the Trustee shall have the right to prosecute this Adversary Proceeding for the full value of the Preferential Claim, less any amounts paid under this Settlement Agreement.

6.      In the event of any suit or action based on breach of this Settlement Agreement, including, but not limited to, failure to pay the full Settlement Amount per the terms set forth in paragraph two, the Trustee shall be entitled to recover his reasonable costs, including, but not limited to, attorney fees in addition to such other remedies as may be permitted.

7.      Any claim of the Defendant pursuant to 11 U.S.C. § 502(h) must be filed on or before the expiration of 30 days after the date the sixth and final Settlement Installment is due under this Settlement Agreement (the "Deadline"). The Defendant waives any right to file a claim after the Deadline, and any claim of the Defendant filed after the Deadline shall be disallowed without further order of the Court.

8.      Upon full and final payment of the Settlement Amount to the Trustee, the Trustee on the one hand, and Defendant on the other hand, in respect of the mutual promises and other consideration recited in this Settlement Agreement, hereby release each other and their respective predecessors in interest, parent companies, successors, shareholders, directors, officers, employees, agents, attorneys and assigns of any and all obligations, claims, and demands arising out of, by reason of, or relating to the Alleged Transfer(s) in the Adversary Proceeding or the Trustee's claim to avoid and recover the Alleged Transfer(s), except that the obligations arising out of this Settlement Agreement are not released. The foregoing release shall be automatically effective and require no further documentation.

9.      Each Party represents and warrants that it owns and has not assigned or otherwise transferred to any other person or entity all such Party's rights and claims as are being altered or otherwise affected by this Settlement Agreement. In the event that a Party breaches the warranty of this paragraph 9, the release such Party received in paragraph 8 shall be null and void.

10.     The Parties acknowledge that this Settlement Agreement is a compromise of a disputed claim and that neither admits, and each expressly denies, any liability on its part.

11.     The Parties represent and acknowledge that, in executing this Settlement Agreement, they do not rely and have not relied upon any representation or statement made by

3

any Party or any of their agents, shareholders, representatives or attorneys, with regard to the subject matter, basis or effect of this Settlement Agreement or otherwise, other than as specifically stated in this Settlement Agreement.

12.     The Parties further declare that, in making this Settlement Agreement, they rely entirely upon their own judgment, beliefs and interest and the advice of their counsel (for whose expense each shall be solely responsible), if any, and that they have had a reasonable period of time to consider this Settlement Agreement and, if so desired, consult with counsel.

13.     The Parties agree that each Party and its counsel have reviewed this Settlement Agreement and that each fully understands and voluntarily accepts all the provisions contained in this Settlement Agreement.  The Parties further agree that this Settlement Agreement was the product of negotiations between the Parties and that any rule of construction that ambiguities are to be resolved against the drafting party shall not apply in the interpretation of this Settlement Agreement.

14.     The language of all parts of this Settlement Agreement shall in all cases be construed as a whole, according to its fair meaning and not strictly for or against any of the Parties.

15.     This Settlement Agreement sets forth the entire agreement between the Parties and fully supercedes any and all prior agreements and understandings, written or oral, between the Parties pertaining to the subject matter hereof.

16.     No modification of this Settlement Agreement shall be binding or enforceable unless in writing and signed by the Parties.

17.     This Settlement Agreement shall be binding upon and inure to the benefit of the Parties, their respective heirs, executors, successors, administrators and assigns.

18.     This Settlement Agreement shall be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Delaware, without regard to the conflict of laws of the State of Delaware.  Each of the Parties hereby irrevocably consents to the jurisdiction of this Court with respect to any action to enforce the terms and provisions of this Settlement Agreement and expressly waives any right to commence any such action in any other forum.

19.     This Settlement Agreement may be executed in one or more counterparts, including by email and facsimile, each of which shall be deemed an original, but all of which together constitute one and the same instrument.

20.     Each person signing this Settlement Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Settlement Agreement on behalf of such Party and to bind his/her respective client(s) to the terms and conditions of this Settlement Agreement.

21.     Each party agrees to bear its own costs, except as otherwise provided in this Settlement Agreement.

22.    This Settlement Agreement shall be effective upon execution by Defendant and the Trustee, and subject only to approval by the Bankruptcy Court. After the Parties to this Settlement Agreement have executed this document and the Trustee has received the Initial Settlement Installment, the Trustee will proceed to file appropriate pleadings in the United States Bankruptcy Court for the District of Delaware to obtain court approval of this Settlement Agreement. Upon receipt of the final Settlement Installment and full Settlement Amount, the Trustee will file the appropriate pleadings necessary to dismiss the complaint in the Adversary Proceeding with prejudice. If, for any reason, this Settlement Agreement is voided or not approved by the Court, the Settlement Agreement shall be deemed null and void and the Trustee shall promptly return any portion of the Settlement Amount received by the Trustee to Defendant.

23.    For so long as Defendant is not in default under the terms of this Settlement Agreement, and unless the Court instructs or orders otherwise, the Trustee shall forebear from prosecuting the Adversary Proceeding in any way. During the time in which the Defendant is not in default under this Settlement Agreement and Installment Payments remain due and owing the Adversary shall be abated and all deadlines in the Adversary shall be extended until the earlier of extinguishment by dismissal of the Adversary Proceeding with prejudice as set forth herein or 30 days following an event of default under this Settlement Agreement.

IN WITNESS WHEREOF, the Parties have each approved and executed this Settlement Agreement.

Authorized Representative
Snelling Staffing, LLC

Address: 4055 Valley View Lane, Ste 700

Dallas, TX 75244

Printed Name: C. David Allen, Jr.

Title: Chief Executive Officer

Dated: 11/18/11

Jeoffrey L. Burtch, Chapter 7 Trustee for
Sierra Concrete Design, Inc.
The Brandywine Building
1000 West Street, 10th Floor
Wilmington, DE 19801

Dated: 11/29/11

5