IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | |
| SIERRA CONCRETE DESIGN, INC. ) | Chapter 7 |
| TREVI ARCHITECTURAL, INC., ) | |
| ) | Case No. 08-12029 (CSS) |
| Debtors. ) | |
| ) | Jointly Administered |

Re: Docket No. 460

## ORDER APPROVING SETTLEMENT AGREEMENT (TEXTRON)

Upon the *Motion of Chapter 7 Trustee to Approve the Settlement Agreement and Final Resolution of Liens and Claims of Textron Financial Corporation* (the "Motion")[1] filed by Jeoffrey L. Burtch, chapter 7 trustee for the chapter 7 estates of Sierra Concrete Design, Inc. and Trevi Architectural, Inc., and it appearing that the relief sought in the Motion and the entry of this Order is appropriate and necessary; and after due deliberation and sufficient cause appearing therefore, it is hereby it is ORDERED:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012. This is a core matter pursuant to 28 U.S.C. Section 157(b).

2. Appropriate notice of the Motion has been given.

3. The Court finds that the Settlement Agreement, attached hereto as <u>Exhibit 1</u>, was negotiated at arm's length and entered into in good faith by the parties. The consideration and economic result for each of the two chapter 7 estates is fair and reasonable, and falls above the

---

[1] Terms not defined in this Order shall have the meaning ascribed to them in the Motion.

lowest point in the range of reasonableness. Approval of the Settlement Agreement is in the best interests of the Sierra Estate and its creditors. Approval of the Settlement Agreement is in the best interests of the Trevi Estate and its creditors. Trustee has exercised proper business judgment in entering into the Settlement Agreement.

4. The Motion is **GRANTED**. Any objections not made to the Motion are waived. Any objections made to the Motion are overruled with prejudice.

5. The Settlement Agreement is APPROVED.

6. The Trustee is authorized to pay to Textron Financial Corporation on account of the principal amount of its claim the amount of $7,250.00 of the Settlement Amount from the Sierra Estate. The Trustee is authorized to pay to Textron Financial Corporation on account of the principal amount of its claim the amount of $7,250.00 of the Settlement Amount from the Trevi Estate.

7. Textron shall have an allowed pre-petition, unsecured, non-priority claim against each of the Trevi Estate and the Sierra Estate in the amount of $540,006.97.

8. Other than the rights to payment stated above in paragraphs six and seven, Textron shall have no remaining claim in these jointly administered bankruptcy cases and is not entitled to any other distribution. Any additional claim or request for payment filed by or on behalf of Textron shall be deemed disallowed in its entirety and expunged in all respects pursuant to Section 502 of the Bankruptcy Code without further action by the parties or the Court, and will not be entitled to any distribution.

9. The Clerk of the Court is authorized to take any necessary or reasonable steps to implement this Order.

10. Upon consummation by the Trustee of the payments contemplated by paragraph six above, all remaining cash and assets of the chapter 7 estates shall be deemed free and clear of secured claims, liens and encumbrances.

11. This Court shall retain jurisdiction with respect to any matter related to or arising from the implementation or interpretation of this Order.

Date: August 5, 2013

_____
THE HON. CHRISTOPHER S. SONTCHI
United States Bankruptcy Judge